HALL-MARK REALTY CORPORATION, Respondent, *v.* MARY T. McGUNNIGLE, Individually and as Widow and Executrix, etc., of STEPHEN A. McGUNNIGLE, Deceased, Appellant.

Second Department, March 25, 1929.

*James K. Foster* [*Daniel Underhill* with him on the brief], for the appellant.

*Henry A. Uterhart*, for the respondent.

RICH, J. The plaintiff and Stephen A. McGunnigle and Mary T. McGunnigle, his wife, entered into a contract whereby the plaintiff agreed to purchase from them certain premises situate in the town of Oyster Bay, Nassau county, N. Y. Upon the execution of the contract, plaintiff made a down payment of $17,000, to recover which this action is brought.

The premises agreed to be conveyed, while described by metes and bounds in the contract, are said to contain 84.449 acres of land, and the courses and distances contained in the description were taken from a survey of the premises made by a Mr. Hawxhurst November 13, 1925. Plaintiff rejected the title upon the ground that the defendant and her husband (now deceased) did not have title to the entire parcel of land. It is claimed that the defendant

has no title to a strip of land approximately 50 feet wide by 880.13 feet in length, which was denominated as the westerly half of Division avenue as laid down on a map of lots filed in the Queens county clerk's office March 8, 1854. This strip of land, to which it is claimed the defendant has no title, is alleged to be located between the westerly parcel, having an area of 24.605 acres, and the easterly parcel, having a net area of 59.844 acres of land, as shown on the Hawxhurst survey.

The defense, in substance, is a general denial and a separate defense by way of counterclaim for specific performance of the contract, and the question presented for our consideration is whether the defendant and her husband, at the time stated in the contract for closing, had a good and marketable title to the land they proposed to convey.

The premises in question originally comprised two contiguous farms, the easterly one of which was known as the Van Veghten farm, while the westerly one was known as the Sevin farm. The chain of title to the Van Veghten farm commences with a deed, dated December 3, 1852, from Richard Van Veghten and wife to David King. In this deed Van Veghten described the *westerly* boundary of his land as the *Sevin* farm. David King conveyed the premises by deed dated September 23, 1854, to Maria Van Nest. He described the westerly boundary of his land as the "middle of Division Avenue and line of Sevens land." The subsequent conveyances of the Van Veghten farm all fix its westerly boundary as the center line of Division avenue, although some of them identify the westerly boundary thereof (as King did) as the line of Sevin's land. The grantor, King, conceded and fixed by his deed his westerly boundary as the center line of this street.

All of the conveyances affecting the Sevin farm fix its easterly boundary as the land of Richard Van Veghten. This chain of title commences with a deed from Johann A. Sevin and wife to Richard B. Kimball, dated November 4, 1854. Its description contains no reference to Division avenue, but the easterly boundary thereof is fixed as the *westerly boundary of the Van Veghten farm*. All of the other conveyances also fix this easterly boundary as the line of the land of Richard Van Veghten. Three of the more recent deeds (1913) affecting the Sevin farm describe it as commencing at a point on the *westerly side of Division avenue*, which is stated there to be the westerly line of the Van Veghten farm. These deeds, however, contain recitals that they are the same premises theretofore conveyed by Armstead to Beach and by Beach's executor to J. Newton Beach. These prior conveyances to which reference is made do not mention Division avenue, but describe the easterly

boundary of the Sevin farm as the westerly line of the Van Veghten farm. It is a debatable question, under the circumstances, whether the scrivener of these deeds erroneously located his starting point (in describing the Sevin farm) as the *west* side of Division avenue, because he fixed it as the westerly line of the land of Richard Van Veghten, and the prior deeds to which he refers show that the westerly line of the land of Richard Van Veghten was the center line and not the westerly side of Division avenue. Mr. Hawxhurst, the surveyor, testified that he knew the location of the monuments constituting the boundary line between the Van Veghten and Sevin farms; that by scaling the distance from Jerusalem avenue to the middle of Division avenue, as shown on King's map, and by taking the distances given in the deeds and applying them to the lands in question, he found that the middle line of Division avenue is the boundary line between the farms.

Sevin's grantees had title to the westerly half of Division avenue, because King had definitely disclaimed any title to it by fixing his boundary (the Van Veghten farm) as the center of Division avenue. Sevin's grantees passed title to the westerly half of Division avenue when they described their easterly boundary as the westerly boundary of the Van Veghten farm. The learned trial court, therefore, erred in finding that the whole of Division avenue was within the boundaries of the Van Veghten farm, and that title thereto remained in King's heirs. Even if we assume, as the learned trial court has found, that King by his map fixed the westerly boundary of his land as the westerly side of Division avenue, by his *deed* he fixed it as the center of Division avenue. If, as appellant suggests, he did include some of the Sevin land (the westerly half of Division avenue) in his map, he could not by this method acquire title to any of Sevin's land. But the question as to whether there is an alleged gap will have to be determined in a subsequent proceeding when all parties interested are before the court.

Respondent is entitled to a title free from reasonable doubt. The element of doubt arises out of the three recent deeds to which I have referred. The question that will have to be determined is as to whether this doubt is dispelled by the recitals therein contained, referring to prior conveyances, and explaining what is intended to be conveyed. This raises such a question as to the validity of the defendant's title to the fifty-foot strip of land as to make it questionable. Even if it were decided in this action that the title is good, such a decision would not bind Sevin's or King's heirs, because they are not parties to the action, and the

doubt as to the marketability of the title will still remain. Plaintiff, under these circumstances, should not be required to take the title.

For the reasons stated, the judgment should be affirmed, with costs.

LAZANSKY, P. J., YOUNG and SCUDDER, JJ., concur; HAGARTY, J., dissents.

Judgment affirmed, with costs.